# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TODD BECKMAN, | ) |
| Movant, | ) |
| v. | ) No. 4:21-cv-01342-AGF |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This federal habeas matter is before the Court on the government's motion to dismiss. Because the Court finds movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is time barred, the government's motion will be granted.

## Legal Standard

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, "if it plainly appears from the [§ 2255] motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the [§ 2255] motion and direct the clerk to notify the moving party." Additionally, the Federal Rules of Civil Procedure apply to cases under § 2255 because they are civil actions. *Moore v. United States*, 173 F.3d 1131, 1133 n.2 (8th Cir. 1999). To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A movant is entitled to an evidentiary hearing on a § 2255 motion unless "the motion and the files and the records of the case conclusively show that [he] is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008). No hearing is required where the claim is inadequate on its face or if the record affirmatively refutes movant's factual assertions. *Id.*

## Background

On November 2, 2017, Beckman pled guilty to conspiracy to commit kidnapping. On February 9, 2018, the Court sentenced Beckman to 240 months' imprisonment. Beckman did not appeal. For purposes of § 2255, his conviction became final on February 23, 2018, fourteen days after his sentencing. *See* Fed. R. App. Proc. 4(b)(1). Under 28 U.S.C. § 2255(f)(1), the deadline for filing his section 2255 motion was February 23, 2019. Beckman filed the instant motion on November 12, 2021.

In an unsigned declaration, Beckman states that he suffers from severe dyslexia.[1] Because of his dyslexia, he states, "I have had to rely on others to review documents for me." (Beckman Decl. ¶ 3). Beckman states he was unable to prepare a notice of appeal because of his dyslexia. He states the prison offered no accommodations that would allow dyslexic inmates to use the electronic law library. Nor does the prison offer training on how to use the electronic law library.[2] He states that he tried to use the electronic law

---

[1] The Court will consider the unsigned declaration for purposes of this motion, because even if it were signed, it would not change the outcome in this case.

[2] Beckman argues his dyslexia kept him from using the electronic law library. Even with training, Beckman's dyslexia would prevent him from using the electronic law library. Thus the Court will

2

library "but it was far too complicated and—I could not understand nor read what was on the screen." *Id.* at ¶ 18.

Movant states that he was not able to hire his current attorney until April 2021 "because I did not have the funds to do so."[3]

## Discussion

Section 2255(f) provides for a one-year limitations period for filing a § 2255 motion. Beckman argues that under 2255(f)(2), his limitations period did not begin to run until he retained counsel in April 2021. Using this start date, he states his § 2255 motion filed November 12, 2021 fell within the one year period.

A.  *28 U.S.C. § 2255(f)(2) Limitation Period*

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;

---

focus its analysis on Beckman's dyslexia and not the prison's failure to train inmates to use the electronic law library.

[3]  In his presentence report prepared on December 28, 2017, however, Beckman reported that he had been self-employed since graduating from high school in 1983. He advised that he owned approximately 50 limited liability companies that he operated out of his office. He reported a net worth of $3,718,615, of which he transferred $3,755,000 to an irrevocable trust on December 29, 2017, approximately one month after his guilty plea. *See United States v. Beckman*, 4:16-cr-528-AGF, Doc. 249 at ¶¶ 7, 85, 88, 90, and 104.

Beckman provided no documentation to support his financial calculations and declined to discuss this information with the probation office. His financial forms were completed by his employees and were not signed under penalty of perjury.

3

>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

To fall within the ambit of § 2255(f)(2), Beckman argues that he was prevented from filing his § 2255 motion because of governmental action. He alleges the governmental action at issue is the BOP's failure to offer accommodations to dyslexic prisoners such that they can use the BOP's electronic law library.

Beckman does not allege when this government-created impediment was removed. This would be the date that starts his one-year period under § 2255(f)(2). Presumably the government is still not offering Beckman accommodations for dyslexia such that he can use the electronic law library. Using Beckman's theory, under § 2255(f)(2) Beckman's one-year limitations period has not begun.

But Beckman argues his one-year statute of limitations should begin in April 2021 when he hired counsel. Beckman states he, himself, removed the government-created impediment by hiring counsel. In April 2021, he hired counsel and was no longer prevented from filing a § 2255 motion because of the BOP's failure to provide him accommodations

4

for his dyslexia. Beckman admits he would have retained counsel earlier—thereby removing the government-created impediment—but he did not have the money. (Beckman Decl. at ¶ 22). Because Beckman could remove the impediment if he had the money, he was not "prevented from making a motion by such governmental action" as required by § 2255(f)(2). This is the first problem with his § 2255(f)(2) analysis.

In support of his argument, Beckman cites *Estremera v. United States*, 724 F.3d 773 (7th Cir. 2013). In *Estremera*, however, the district court denied movant's motion to vacate on the merits of his ineffective assistance of counsel claim. The Seventh Circuit addressed without deciding the timeliness of the motion, and found that whether a prisoner's lack of access to a law library may be an "impediment" in principle depends on the given prisoner. "The existence of a state-created impediment is highly fact dependent." *Id.* at 777. The Seventh Circuit looked to whether the prisoner had a need for the library and whether he tried to use the law library within the one year statute of limitations. "If he didn't want or need a law library during the year after his conviction became final, its unavailability (if it was unavailable) would not have been an impediment." *Id.*; *see also Simmons v. United States*, 974 F.3d 791, 795-96 (6th Cir. 2020) ("To hold that the absence of library access may be an 'impediment' in principle is not necessarily to say that lack of access was an impediment for a given prisoner. 'In principle' is a vital qualifier.") (quoting *Estremera*, 724 F.3d at 777).

5

Here, Beckman cannot argue that the government's lack of accommodations for dyslexic prisoners was the impediment the caused him to file his § 2255 motion more than two and a half years late. He does not allege that he sought and was denied any accommodations. For example, he does not allege that he asked for another inmate to be available to read legal documents, for additional time to file, or for any special program or qualified professional to address his dyslexia. He does not even allege that he told the prison he was dyslexic and that he needed accommodations. Beckman alleges no facts to establish that the supposed impediment to his late filing actually prevented him from filing earlier.

Beckman also cites a Second Circuit case, *Shaw v. New York Dept. of Corr. Servs.*, 451 F. App'x 18 (2nd Cir. 2011). In *Shaw*, a dyslexic inmate filed a § 1983 case alleging violations of the American with Disabilities Act ("ADA") because the BOP did not make reasonable accommodations for him to study for and obtain his GED. The Second Circuit reversed the district court's grant of the government's motion to dismiss, finding that "[g]enerously read, the complaint was sufficient to survive a motion to dismiss." *Id.* at 21.

The facts of *Shaw* are easily distinguishable from Beckman's case. Shaw had sought assistance for his learning disability first from the medical staff, asking to be tested for dyslexia. He then filed several requests seeking help from the prison's educational supervisor. When he was told there was no special help available, Shaw filed a formal complaint with the Grievance Committee. He asked for specific accommodations such as

6

a special education program, teachers certified to teach students with disabilities, and experts qualified to diagnose dyslexia. *Id.* at 20.

Beckman has not alleged he sought and was denied any accommodation for his dyslexia. The government-created impediment—its lack of accommodations for Beckman's dyslexia—was not what prevented Beckman from filing his motion sooner. As he states in his declaration, he did not hire his attorney until April 2021 because he did not have the money. (Beckman Decl. ¶ 22). No governmental action created any impediment to Beckman hiring an attorney.

Although Beckman tries to shoehorn his argument into the provisions of § 2255(f)(2), his argument does not fit. He has not shown that any government-created activity impeded his ability to timely file a § 2255 motion.

B.  *Timeliness of Grounds One and Two*

Beckman also argues that as to Grounds One and Two, the facts related to these grounds were not available until the plea hearing transcript was obtained by counsel in September 2021. He states that § 2255(f)(4) applies to start the statute of limitations on "the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence." To invoke the statute of limitations of section 2255(f)(4), however, movant must show the existence of a new fact and also demonstrate that he acted with diligence to discover the new fact. A duly diligent person in Beckman's circumstances could have obtained a copy of the plea hearing transcript at any point after

7

the plea hearing was held on November 2, 2017. Beckman has not shown any exercise of due diligence in obtaining the transcript of his plea hearing. Therefore the Court finds § 2255(f)(4) does not apply to Grounds One and Two and these grounds are untimely.

C.     *Motion for Leave to Supplement § 2255 Motion*

Finally, Beckman filed a motion for leave to supplement his § 2255 motion. He claims that after filing his § 2255 motion, his new counsel obtained documents from a Missouri state court conviction of his co-defendant Blake Laubinger in a former criminal case. Beckman states that these documents reveal that, at the time of his sentencing, his attorney failed to disclose all the state charges for which he had represented Mr. Laubinger. Specifically, Beckman states that he did not know his attorney had represented Mr. Laubinger on state court charges of possession of marijuana. He knew only that his attorney had represented Laubinger on a state court DWI charge. Beckman states this undisclosed information supports a claim for conflict of interest.

The Court will deny Beckman's motion to supplement as untimely. As the Court has already addressed, § 2255(f)(2) does not apply to Beckman's claim of timeliness. *See supra*, part A. In the alternative, Beckman claims that the supplement is timely under § 2255(f)(4) because he could not have obtained the information related to Laubinger's state court conviction before November 2021, when his new counsel discovered it. But Beckman does not explain why he could not have received these state court documents sooner. Laubinger's state court case had been pending since June 20, 2016. *See Eureka v.*

8

*Laubinger*, No. 16SL-MJ00574 (St. Louis Cty. 2016). A cursory review of the docket sheet shows that Beckman's counsel represented Laubinger on charges of failure to yield, operating a motor vehicle in a careless and reckless manner, DWI-Alcohol, operating a vehicle without maintaining financial responsibility, possession of marijuana, and possession of drug paraphernalia. This docket sheet and these charges are publicly available on Missouri Case.net. Beckman does not provide any example of any effort he made to request the documents from the Missouri state court in the year following his federal sentencing.

A separate issue is whether common law equitable tolling applies. As to Beckman's equitable tolling argument, he states his one-year statute of limitations period of § 2255(f)(1) should be tolled because it was reasonable for him to rely on his attorney's statements involving his representation of Laubinger. The Eighth Circuit has held that the one-year limitations period for § 2255 motions may be equitably tolled where "extraordinary circumstances beyond a prisoner's control prevent timely filing." *United States v. Martin*, 408 F.3d 1089, 1092-93 (8th Cir. 2005). For equitable tolling to apply, the prisoner must show that (1) extraordinary circumstances prevented him from timely filing; and (2) he was diligent in pursuing the § 2255 motion. *Id.* at 1093-95. Equitable tolling is an "exceedingly narrow window for relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005). Beckman has not shown extraordinary circumstances prevented him from timely filing his supplement and he has not shown any due diligence in pursuing the §2255

9

motion in the year following his sentence. For these reasons, the Court finds that equitable tolling does not apply to Beckman's proposed supplement, and the proposed supplement is untimely.

For the foregoing reasons, the Court finds Beckman's motion to vacate, set aside, or correct his sentence was filed out of time. The Court will grant the government's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that the government's motion to dismiss is **GRANTED**. [ECF No. 5]

**IT IS FURTHER ORDERED** that movant's amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is **DENIED AND DISMISSED** as time barred. Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that movant's motion for leave to supplement his § 2255 motion is **DENIED**. [ECF No. 10]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 31st day of March, 2023.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE